JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nicholas Tortorello

**(b)** County of Residence of First Listed Plaintiff: Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Katherine C. Oeltjen, Esq., Console Mattiacci Law Offices
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215-545-7676

## DEFENDANTS

Home Depot U.S.A., Inc.
The Home Depot., Inc.

County of Residence of First Listed Defendant: Chester County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
42 U.S.C. § 12101, et seq.; 29 U.S.C. §2601, et seq.; 43 P.S. § 951, et seq.

Brief description of cause:
Plaintiff was subjected to disability discrimination and retaliated against for seeking reasonable accommodations.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/24/2026

SIGNATURE OF ATTORNEY OF RECORD: Katherine C. Oeltjen

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Nicholas Tortorello | : | CIVIL ACTION |
| v. | : | |
| Home Depot U.S.A., Inc., et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 11/24/2026 | Katherine C. Oeltjen | Plaintiff, Nicholas Tortorello |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 565-2859 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Parkesburg, Pennsylvania

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☒ 8. All Other Diversity Cases: *(Please specify)* *Parkesburg*

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICHOLAS TORTORELLO<br>Phoenixville, PA 19460<br><br>*Plaintiff,*<br><br>v.<br><br>HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Rd. SE<br>Atlanta, GA 30339-6444<br><br>and<br><br>THE HOME DEPOT, INC.<br>2455 Paces Ferry Rd. SE<br>Atlanta, GA 30339-6444<br><br>*Defendants.* | **CIVIL ACTION NO.:**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, Nicholas Tortorello, brings this action against his former employers, Home Depot U.S.A., Inc. and The Home Depot, Inc. ("Defendants"), for discriminating against him based upon his disability (including history of and regarded as) and for retaliating against him for seeking reasonable accommodations for the same.

Plaintiff brings his claims pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"); and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all damages allowable by law, including back-pay, front-pay, compensatory damages, punitive damages, liquidated damages, attorneys' fees and costs, injunctive and declaratory relief, and all other relief that this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Nicholas Tortorello, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Exton, Pennsylvania.

2. Plaintiff was born in December 1948.

3. At all times material hereto, Plaintiff was a qualified individual with a disability within the meaning of the laws at issue, in that he suffered from a mental and/or physical impairment which substantially limited one or more major life activities, had a record of such impairment, and/or was regarded or perceived by Defendants as having such impairment.

4. Defendant, Home Depot U.S.A., Inc., is a corporation organized under the laws of the State of Delaware with a principal place of business at 2455 Paces Ferry Rd. SE, Atlanta, Georgia, 30339-6444.

5. Defendant, The Home Depot, Inc., is a corporation organized under the laws of the State of Delaware with a principal place of business at 2455 Paces Ferry Rd. SE, Atlanta, Georgia, 30339-6444.

6. Defendants are engaged in an industry affecting interstate commerce, and regularly do business in the Commonwealth of Pennsylvania.

7. At all times material hereto, Defendants have had integrated operations, have had shared ownership, have had common management, and have had centralized control of their employment matters.

8. At all times material hereto, Defendants have acted as a single employer, joint employers, and/or alter egos.

9. The operations of Defendants are substantively consolidated.

10. At all times material hereto, Defendants have acted by and through their authorized agents, workmen, and/or employees within the course and scope of their employment with Defendants and in furtherance of Defendants' businesses.

11. At all times material hereto, Defendants employed fifty (50) or more employees.

12. At all times material hereto, Defendants acted as an employer within the meaning of the statutes which form the basis of this matter.

13. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

14. At all times material hereto, Plaintiff worked out of Defendants' location in Parkesburg, Pennsylvania.

## III. JURISDICTION AND VENUE

15. The causes of action which form the basis of this matter arise under the ADA, the FMLA, and the PHRA.

16. This Court has jurisdiction over Count I (ADA) and Count II (FMLA) pursuant to 28 U.S.C. § 1331.

17. This Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

18. This District Court has jurisdiction over all Counts pursuant to 28 U.S.C. §1332 since the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interests and costs, and as there is complete diversity of citizenship, as Plaintiff is a citizen of Pennsylvania and Defendants are citizens of Georgia.

19. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

20. On or about September 5, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

21. On or about August 27, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

22. Plaintiff is filing this Complaint within ninety (90) days of receiving the EEOC's Notice of Right to Sue.

23. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

22. Plaintiff began working at Defendants on or about February 1, 2021.

23. Plaintiff was born in December 1948.

24. Plaintiff consistently performed his job duties in a highly competent manner.

25. Plaintiff last held the position of Associate.

26. Plaintiff last reported to Denise Gordon, Supervisor.

27. Gordon reported to Alice Lang, Assistant Manager.

28. Lang reported to Mark Jennings, Head of Store.

29. On January 18, 2024, while at work, Plaintiff had a heart attack and was rushed to the emergency room.

30. On January 18, 2024, following the above, Plaintiff underwent open heart, triple bypass surgery.

31. From January 18th to approximately April 20, 2024, Plaintiff was out of work on a medical leave of absence.

32. Plaintiff communicated with Jennings, Gordon, and Dorothy Ryan, Associate Support Department Supervisor, about his medical condition, surgery, and medical leave.

33. Plaintiff submitted a doctor's note with the requested accommodation to lift ten (10) pounds or less upon his return to work.

34. Ryan commented that this accommodation request could prevent Plaintiff from returning to work.

35. On or about April 20, 2024, Plaintiff returned to work from his medical leave of absence.

36. Plaintiff was treated differently and worse, and in a more hostile and dismissive manner than nondisabled employees and/or employees who had not sought reasonable accommodations for a disability, including taking a medical leave of absence.

37. Plaintiff was assigned less desirable tasks.

38. Plaintiff was assigned more menial tasks.

39. Following his return to work from medical leave, Plaintiff was told that Defendants did not expect him to return to work after his medical leave of absence.

40. While Plaintiff was out of work on a medical leave of absence, Defendants hired Richard _________, Associate, and Patrick _________, Associate, to report to Gordon.

41. On May 17, 2024, in a meeting with Jennings and Brendan McGarry, Manager, Defendants terminated Plaintiff's employment, effective immediately.

42. Defendants' stated reason for Plaintiff's termination was that a customer "got angry" with Plaintiff.

43. Jennings did not allow Plaintiff to explain his side of the story relating to the customer interaction which Defendants stated was the basis for his termination.

44. Plaintiff did not receive any further explanation, including the criteria, as to why he was terminated and less qualified, nondisabled employees and/or employees who had not sought reasonable accommodations for a disability, including taking a medical leave of absence, were retained.

45. Defendants did not offer Plaintiff a downgraded position, a position with reduced pay, or any opportunity to remain employed in any capacity before terminating his employment.

46. Plaintiff was the only employee reporting to Gordon who was terminated effective May 17, 2024.

47. At the time of Plaintiff's termination, he was the only disabled employee reporting to Gordon.

48. In terminating Plaintiff, Defendants failed to accommodate his disability.

49. At the time of Plaintiff's termination, he was the only employee reporting to Gordon who had sought reasonable accommodations for a disability, including taking a medical leave of absence.

50. When Plaintiff was terminated, Richard _________, Associate, and Patrick _________, Associate, were retained.

51. Defendants assigned Plaintiff's job duties and responsibilities to nondisabled employees who had not sought reasonable accommodations for a disability, including a medical leave of absence, including Richard _________ and Patrick _________.

52. Plaintiff was more qualified to perform his job duties and responsibilities than the nondisabled employees who had not sought reasonable accommodations for a disability, including a medical leave of absence to whom Plaintiff job duties and responsibilities were assigned.

53. At all times material hereto, Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

54. Before Plaintiff informed Defendants of his disability, went out on a medical leave of absence, and/or requested reasonable accommodations for his disability, Plaintiff did not have any indication that his job was in jeopardy.

55. Defendants' comments and conduct evidence a bias against disabled employees.

56. Plaintiff's disability and/or his seeking reasonable accommodations for a disability, including taking a medical leave of absence, led Defendants to terminate his employment.

57. Plaintiff's disability, including his record of disability and Defendants' regarding him as having a disability, was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including, without limitation, in connection with its decision to terminate Plaintiff's employment.

58. Plaintiff's requests for reasonable accommodations for his disability, including his medical leave, were motivating and/or determinative factors in connection with Defendants' discriminatory and/or retaliatory treatment of Plaintiff, including, without limitation, in connection with its decision to terminate Plaintiff's employment.

59. The retaliatory actions taken against Plaintiff after he requested reasonable accommodations for his disability, including his medical leave, would have dissuaded a reasonable employee from seeking reasonable accommodations for a disability.

60. Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

61. Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

62. Defendants' discriminatory and retaliatory conduct toward Plaintiff has caused him emotional distress.

63. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self esteem, mental anguish, and loss of life's pleasures, the full extent of which is not yet known.

## COUNT I - ADA

60. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

61. Defendants discriminated against Plaintiff based on his actual disability, a record of disability, and being regarded as having a disability.

62. Defendants retaliated against Plaintiff for seeking reasonable accommodations for his disability.

63. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the ADA.

64. Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

66. As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

67. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

**COUNT II – FMLA**

70. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

71. By committing the foregoing acts of retaliation against Plaintiff, Defendants violated the FMLA.

72. Plaintiff's exercise of his FMLA rights was considered as a negative factor, and was a motivating factor in Defendants' conduct toward Plaintiff.

73. Defendants' conduct was retaliatory.

74. Said violations were willful, not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

75. Defendants' violations of the FMLA warrant the imposition of liquidated damages.

76. As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

77. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

79. No previous application has been made for the relief requested herein.

**COUNT III - PHRA**

80. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

81. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the PHRA.

82. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

83. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

84. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

85. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a. declaring the acts and practices complained of herein to be in violation of the ADA;

b. declaring the acts and practices complained of herein to be in violation of the FMLA;

c. declaring the acts and practices complained of herein to be in violation of the PHRA;

d. entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

e. enjoining and permanently restraining Defendants from continuing the violations alleged herein;

f. awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendants' unlawful conduct (back pay and front pay);

g. awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

h. awarding Plaintiff costs of this action, together with reasonable attorneys' fees;

i. awarding punitive damages to Plaintiff under the ADA;

j. awarding liquidated damages to Plaintiff under the FMLA;

k. awarding Plaintiff such other damages as are appropriate under the ADA, the FMLA, and the PHRA; and

l. granting such other and further relief as this Court may deem just, proper, or equitable.

**CONSOLE MATTIACCI LAW, LLC**

Dated: November 24, 2026

By: */s/Katherine C. Oeltjen*________________

Katherine C. Oeltjen, Esq.
Pennsylvania Attorney ID No. 318037
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
oeltjen@consolelaw.com

*Attorney for Plaintiff, Nicholas Tortorello*

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

COMPLAINANT:

**NICHOLAS TORTORELLO**

Docket No.

v.

RESPONDENTS:

**HOME DEPOT U.S.A INC.**

and

**THE HOME DEPOT**

1. The Complainant herein is:

   Name: Nicholas Tortorello

   Address: [redacted]
   Exton, PA 19341

2. The Respondents herein are:

   Names: Home Depot U.S.A Inc.; The Home Depot

   Address: 500 Commons Drive
   Parkesburgh, PA 19365

3. I, Nicholas Tortorello, the Complainant herein, allege that I was subjected to unlawful discrimination because of my disability (including history of and regarded as) and retaliation because of my seeking reasonable accommodations for my disability, as set forth below.

**Discrimination and Retaliation**

**A. I specifically allege:**

[1] I began working at Respondents on or about February 1, 2021.

[2] My birth date is December 1, 1948.

[3] I consistently performed my job duties in a highly competent manner.

[4] I last held the position of Associate.

[5] I last reported to Denise Gordon, Supervisor. Gordon reported to Alice Lang, Assistant Manager. Lang reported to Mark Jennings, Head of Store.

[6] On January 18, 2024, while at work, I had a heart attack and rushed to the emergency room.

[7] On January 18, 2024, following the above, I underwent open heart, triple bypass surgery.

[8] From January 18 to approximately April 20, 2024, I was out of work on a medical leave of absence.

[9] I communicated with Jennings, Gordon, and Dorothy Ryan, Associate Support Department Supervisor, about my above medical condition, surgery, and medical leave.

[10] I submitted a doctor's note with the requested accommodation to lift ten (10) pounds or less upon my return to work. Ryan commented that this accommodation request could prevent me from returning to work.

[11] On or about April 20, 2024, I returned to work from my medical leave of absence.

[12] I was treated differently and worse and in a more hostile and dismissive manner than nondisabled employees and/or employees who had not sought reasonable accommodations for a disability, including a medical leave of absence, were treated.

[13] I was assigned lesser desirable tasks.

[14] I was assigned more menial tasks.

[15] Following my return to work from medical leave, I was told that Respondents did not expect me to return to work after my medical leave of absence.

[16] While I was out of work on a medical leave of absence, Respondents hired Richard _________, Associate, and Patrick _________, Associate, reporting to Gordon.

[17] On May 17, 2024, in a meeting with Jennings and Brendan McGarry, Manager, Respondents terminated my employment, effective immediately. The stated reason was that a customer got angry with me. When I tried to explain my side of the story, Jennings did not allow me to.

[18] I received no explanation, including the criteria, as to why I was terminated and less qualified nondisabled[1] employees and/or employees who had not sought reasonable accommodations for a disability, including a medical leave of absence, were retained.

[19] I was more qualified than the nondisabled employees who had not sought reasonable accommodations for a disability who were retained when I was terminated.

[20] I was the only employee reporting to Gordon who was terminated effective May 17, 2024.

[21] When I was terminated, Richard _________, Associate, and Patrick _________ were retained.

[1] References herein to an employee not having a disability and/or having requested reasonable accommodations for a disability are to the best of my knowledge.

[22] At the time of my termination, I was the only disabled employee reporting to Gordon.

[23] At the time of my termination, I was the only employee reporting to Gordon who had sought reasonable accommodations for a disability, including a medical leave of absence.

[24] Respondents terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence.

[25] Respondents subjected me to a hostile work environment because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence.

[26] Respondents assigned my job duties and responsibilities to nondisabled employees who had not sought reasonable accommodations for a disability, including a medical leave of absence, including Richard _________ and Patrick _________. I was more qualified to perform my job duties and responsibilities than the nondisabled employees who had not sought reasonable accommodations for a disability, including a medical leave of absence to whom my job duties and responsibilities were assigned.

[27] Respondents retained nondisabled employees and/or employees who had not sought reasonable accommodations in positions for which I was qualified.

[28] Before I informed Respondents of my disability and went out on medical leaves of absence, I had no indication that my job was in jeopardy.

[29] Respondents did not offer me a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating my employment.

[30] Respondents' disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

[31] Respondents' comments and conduct evidence a bias against disabled and/or older employees and/or employees who seek reasonable accommodations for a disability.

**B.** Respondents have discriminated against me because of my disability (including history of and regarded as) and retaliated against me for seeking reasonable accommodations for my disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

**_X_** **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a); (d)__**

____ Section 5.1 Subsection(s) ______________________________

____ Section 5.2 Subsection(s) ______________________________

____ Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) ______________________________

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**_X_** **This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

August 30, 2024
(Date Signed)

(Signature) Nicholas Tortorello
[redacted]
Exton, PA 19341

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 8/27/2026

**To:** Nicholas Tortorello
[redacted]
Exton, PA 19341

Charge No: 17F-2026-60177
EEOC Representative and email: State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough 8/27/2026

Karen McDonough
Deputy District Director

cc:

For Respondent
Jennifer Keaton
The Home Depot, Inc.
EEO Compliance, Sr. Manager
2455 Paces Ferry Road C-18
Atlanta, GA 30339

For Charging Party
Emily R Derstine Friesen
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Please retain this notice for your records.